UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23402-CIV-MORENO/LOUIS

MARIA L. BARRIOS,

       Plaintiff,

v.

KILOLO KIJAKAZI,
Commissioner of Social Security
Administration,[1]

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Plaintiff Maria L. Barrios' Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), ECF No. 32, for which Plaintiff additionally filed a Memorandum of Law, ECF No. 33, and an Affidavit in support, ECF No. 34.  Defendant, Commissioner of the Social Security Administration, filed a Response in Opposition, ECF No. 35, to which Plaintiff filed a Reply.  ECF No. 36.  Having considered the Motion, Response, Reply, and being duly apprised in the matter as a whole, I hereby **RECOMMEND** that Plaintiff's Motion for Attorney's Fees be **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff filed an application for Social Security Disability benefits and Supplemental Security Income on May 10, 2011, marking May 25, 2009 as the onset date for her disability.  ECF No. 21 at 1.  Plaintiff's claims were subsequently denied; Plaintiff sought review by an administrative law

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

1

judge ("ALJ"), and a hearing was held before ALJ Lornette Reynolds on August 29, 2012. *Id*. ALJ Reynolds subsequently found Plaintiff not disabled; Plaintiff sought review of ALJ Reynolds' decision by the Appeals Council, but the Council denied her request for review. *Id*.

Thereafter, Plaintiff initiated a civil action in the United States District Court for the Southern District of Florida, and, following briefing, the Honorable United States Magistrate Judge Jonathan Goodman issued a Report and Recommendation recommending that the Commissioner's final decision be affirmed. *Id*. Following Plaintiff's objections, the Honorable United States District Judge Joan A. Lenard remanded Plaintiff's claim for further administrative proceedings, and the Appeals Council remanded Plaintiff's claim, ordering a new hearing. *Id*. Following the second hearing, ALJ Reynolds found Plaintiff was disabled as of September 4, 2016, but was not disabled at any time prior. *Id*. at 2. Plaintiff sought review of ALJ Reynolds' determination that Plaintiff was not disabled from May 25, 2009 through September 3, 2016, but the Appeals Council denied the request for review. *Id*.

Plaintiff then filed the instant civil action and following a second round of briefing by the Parties, the undersigned filed a Report and Recommendation recommending that the Commissioner's final decision be affirmed. ECF No. 26. Plaintiff subsequently filed objections. ECF No. 27. Before issuing a final determination on the matter, however, the Supreme Court granted certiorari in *Carr v. Saul*, case number 19-1442, and *Davis v. Saul*, case number 20-105, and the Honorable United States District Judge Federico A. Moreno stayed the case pending the resolution of *Carr* and *Davis*. ECF No. 28. Both cases asked the Supreme Court to determine whether disability applicants may challenge Social Security administrative law judge appointments in district court if they did not first raise the challenge during proceedings before the Social Security Administration, a legal question that was raised in Plaintiff's suit as well. *Id*.

The Supreme Court ultimately found that a plaintiff does *not* forfeit her argument regarding the

propriety of the ALJ's appointment by raising the issue for the first time in district court. *Carr v. Saul*, 141 S. Ct. 1352 (2021), rendering Plaintiff's challenge to the same timely raised. Arguing that, by *Carr*'s terms, ALJ Reynolds was not properly appointed at the time of Plaintiff's hearing nor at the time ALJ Reynolds issued her determination, Plaintiff argued that she was thus entitled to a new hearing before a new ALJ. ECF No. 29. The government subsequently filed a Motion to Remand the action to the agency for assignment of a different ALJ who would offer Plaintiff the opportunity for a new hearing and decision. ECF No. 30. The government's Motion was granted, and the case remanded. ECF No. 31.

Plaintiff then filed the instant Motion for Attorney's Fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A), arguing that Defendant's position as to the denial of Plaintiff's benefits was not "substantially justified" as required under the Act, thus entitling her to a fee award. ECF No. 32.

## II.     LEGAL STANDARD

In relevant part, the Act states the following:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (finding that the government carries the burden to demonstrate its position was substantially justified). As further articulated by the Supreme Court, "substantially justified" in this context translates into whether the position has a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n. 2 (1988). A position ultimately found incorrect does not necessarily render it unjustified; the relevant inquiry is whether a reasonable person could think the position was correct. *Id.* at 565.

In assessing the reasonableness of the position taken by the government at both the administrative

level and during litigation, the Eleventh Circuit has recognized a non-exhaustive list of factors for consideration, including: (1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position. *United States v. Pease*, 127 F. App'x 220, 225 (11th Cir. 2005).

### III. ANALYSIS

The Parties here do not contest that Plaintiff is the prevailing party for purposes of the EAJA, nor that she timely filed her EAJA motion for fees. Rather, the government avers that its position was "substantially justified" in finding that Plaintiff forfeited her right to argue that ALJ Reynolds was not properly appointed by not raising the issue during her administrative appeals process. This is so, claims the government, because the basis for its position rested on the general requirement of exhaustion in administrative law coupled with caselaw from other courts similarly finding the Appointments Clause challenge waived.

In support of its argument, the government notes that it briefed its argument as to Plaintiff's forfeiture prior to the Supreme Court deciding *Carr*; in the interim, the government argues the question was one mired in unsettled law. ECF No. 35 at 6. The government avers that there was a circuit split on the matter at the time, with some courts like the Third Circuit finding the argument was *not* waived, with others finding that it was. *Id*. (citing *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020)); *see also Rager v. Saul*, No. 1:19-CV-00140-BB, 2021 WL 374477, at *2 (W.D. Ky. Feb. 3, 2021) (denying EAJA fees and finding that the Commissioner was substantially justified in asserting a forfeiture defense to an Appointments Clause claim); *Rich v. Saul*, 477 F. Supp. 3d 388 (E.D. Pa. 2020) (same); *Hines v. Comm'r of Soc. Sec.*, No. CV 18-16037 (SRC), 2020 WL 3396801, at *1 (D.N.J. June 18, 2020) (same). The government further avers that the logic underpinning the theory that the argument had been forfeited was predicated upon the

4

"long-standing and well-accepted principle" that litigants who fail to raise arguments before the administrative agency lose the right to raise the argument altogether. ECF No. 35 at 5-6 (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938), for the proposition that the right to judicial relief begins only when "the prescribed administrative remedy has been exhausted"); *see also Hill v. SEC*, 825 F.3d 1236, 1252 (11th Cir. 2016) (dismissing an Appointments Clause challenge where plaintiff failed to raise it before the agency).

While the government's argument primarily focuses on its position taken during litigation at the district court level given that Plaintiff raised no challenge to the Appointments Clause at the administrative level, the government separately argues that its position taken at the administrative level—meaning the substantive disability determination as to Plaintiff—was also substantially justified. ECF No. 35 at 8. In relevant part, Plaintiff argued in her initial briefing on the matter that ALJ Reynolds erred in considering certain medical opinions regarding Plaintiff's mental limitations along with Plaintiff's individual complaints. In arguing that it was substantially justified in defending these aspects of the ALJ's determination, the government notes that the undersigned's Report and Recommendation likewise concluded that substantial evidence supported the ALJ's evaluation of the medical opinions and Plaintiff's complaints. ECF No. 26 at 13-22. The government concludes that because reasonable minds taking the form of the undersigned agreed with ALJ Reynolds, the position was thus substantially justified. ECF No. 35 at 8 (citing *Pierce*, 487 U.S. at 565).

Plaintiff's chief contention is that ALJ Reynolds' improper appointment precludes *any* position taken by the government in her case—whether during the administrative proceedings or during litigation at the district court level—from being substantially justified. Plaintiff contends that ALJ Reynolds' appointment violated the Appointments Clause, and so any determination made by ALJ Reynolds violated Plaintiff's constitutional rights. By Plaintiff's logic, the government thus could

not be substantially justified in supporting a determination by the ALJ that was the product of a constitutional violation. ECF No. 36 (citing *Morgan v. Perry*, 142 F.3d 670, 690 (3d Cir. 1998) ("Indeed, in the usual case, a constitutional violation will preclude a finding that the government's conduct was substantially justified.")). In further support, Plaintiff avers that the Commissioner had reason to know the appointment was unconstitutional based on prior caselaw and should have *sua sponte* raised the issue during her administrative proceedings. *Id*. at 5.

Plaintiff's argument conflates a finding of a violation of her constitutional *rights* with a violation of the *Appointments Clause*, but offers no support for her contention that both preclude the Commissioner's position from being substantially justified. The argument that the Commissioner knew or should have known the ALJ appointments were in violation of the Appointments Clause rests on a complicated cobbling together of caselaw—in one case a dissent from a Tenth Circuit case—the labyrinthian nature of which undermines the claim that the conclusion was so obvious. Taking this step by step, the Supreme Court in *Freytag v. Commissioner*, 501 U.S. 868 (1991), applied the unadorned 'significant authority' test to certain special tax judges. Then, in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), the Court relied on *Freytag*'s analysis to conclude that the same test should apply to the S.E.C.'s ALJs, who were "near-carbon copies" of the special tax judges at issue in *Freytag*. *Lucia*, 138 S.Ct. at 2053 (noting that "*Freytag* says everything necessary to decide this case"). Plaintiff then concludes that *ipso facto*, the government here was on notice that the Social Security Administration ALJ's were Officers of the United States under this analysis and therefore subject to the Appointments Clause beginning with *Freytag*'s holding in 1991. ECF No. 36 at 5 (citing Judge McKay's dissent in *Bandimere v. S.E.C.*, 844 F.3d 1168, 1199-1200 (10th Cir. 2016)), in which he states that he sees no meaningful distinction between SEC ALJ's and ALJ's for the Social Security Administration based on the majority's reading of *Freytag*).

Plaintiff's next claim—that the knowing violation of the Appointments Clause imposed a duty

6

on the Social Security Administration Commissioner to raise such issues *sua sponte*—confronts hurdles both legal and logistical.  As to the legal challenge, this duty that the Plaintiff claims exists is not rooted in caselaw; the Court is aware of no settled law, and Plaintiff cites to none, that imposes such a duty to *sua sponte* raise Appointments Clause issues not raised by the claimant herself. Plaintiff cites generally to *Ventura v. Shalala*, 55 F.3d 900 (3d Cir. 1995), for the proposition that ALJs for the Social Security Administration have duty to raise "issues" *sua sponte* but offers no explanation as to how *Ventura*, a case that considered whether an ALJ's "offensive and unprofessional" conduct prevented the claimant from receiving a full and fair hearing, is applicable to the instant case, and I find that it is not.

And to the logistical issue, the Supreme Court recognized in *Carr* that ALJs were not "capable of remedying any defects in their own appointments.  After all, there were no Commissioner-appointed ALJs to whom objecting claimants' cases could be transferred, and the ALJs could not very well have reappointed themselves." 141 S. Ct. at 1361.  Internally, as also observed in *Carr*, the Commissioner took the position on the constitutionality of the appointments that the "SSA lacks the authority to finally decide constitutional issues such as these." *Id.* (quoting SA, EM–18003: Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process, p. 2) (internal quotations omitted).  These findings then supported the Court's ultimate conclusion that a litigant does *not* forfeit her Appointments Clause argument for failing to raise it at the administrative level.  Thus, the very decision that caused her case to be successfully remanded recognized no opportunity for the Commission to, as she argues it should have, raised and resolved the issue in her favor.  Accordingly, I find this is not a basis to find the government's administrative determination as to Plaintiff's disability claim not substantially justified.

As to the government's position on forfeiture, I find that it was neither taken in bad faith nor

lacking in credibility; in fact, a number of district courts within the Eleventh Circuit concluded that failing to raise the Appointments Clause challenge at the administrative level was fatal to a plaintiff's case. *Pasquale Leone, v. Commissioner Of Social Security,* 2:19-CV-245-JES-NPM, 2021 WL 3732914, at *3 (M.D. Fla. Aug. 24, 2021) (finding the government's position to be substantially justified and noting that after *Valle-Roman v. Comm'r of Soc. Sec.*, No. 6:18-CV-1158-ORL-TBS, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019), concluded that the Appointments Clause argument was waived if not raised during the administrative process that "[o]ther district courts in the Eleventh Circuit followed suit (citing cases)); *see also Parker v. Berryhill*, 18-14349-CIV, 2019 WL 3097511, at *10 (S.D. Fla. July 15, 2019) (concluding that "[a]lthough the Eleventh Circuit has yet to decide this issue, the courts within this circuit have held that an Appointments Clause challenge, in the context of social security disability proceedings, is nonjurisdictional and must be raised at the administrative level" (citing cases)).

At the time the Supreme Court decided *Carr*, the Eleventh Circuit had not yet itself decided this issue, with the Eight and Tenth Circuits taking the position that the challenge was forfeited, while the Third, Fourth, and Sixth Circuits concluded that a litigant could argue the constitutionality of a Social Security Administration for the first time in district court. As evidenced by this split, which existed at both the circuit court and district court level, the law was indeed unsettled with reasonable minds reaching different conclusions on the matter. The government's legal theory was viable— particularly in the Eleventh Circuit given the absence of any binding precedent—until the Supreme Court decided *Carr*, at which point the Commissioner voluntarily moved to remand the case for a new administrative adjudication of Plaintiff's disability claims. I find that the government therefore acted in good faith, and with a reasonable basis in law and fact for its original position on questions of unsettled law.

Accordingly, I find that the government's position was substantially justified and

**RECOMMEND** that the Court **DENY** Plaintiff's Motion for Attorney's Fees.

### IV. CONCLUSION

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Federico A. Moreno, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Miami, Florida this 29th day of October, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**