UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23402-FAM

MARIA LUISA BARRIOS,

 Plaintiff,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,[1]

 Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b). (ECF No. 40). The matter was referred to the undersigned by the Honorable Federico A. Moreno, United States District Judge, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 2). A hearing was held on the Motion on April 25, 2024. Upon review of the Motion, Response, the docket as a whole, and being otherwise duly apprised in the matter, the undersigned recommends that Plaintiff's Motion be **GRANTED**.

Plaintiff filed an application for Social Security Disability benefits and Supplemental Security Income on May 10, 2011, marking May 25, 2009 as the onset date for her disability. (ECF No. 21 at 1). Plaintiff's claims were subsequently denied; Plaintiff sought review by an administrative law judge ("ALJ"), and a hearing was held before ALJ Lornette Reynolds on August 29, 2012, resulting in a finding Plaintiff was not disabled. Subsequently, Plaintiff

---

[1] Martin O'Malley became Commissioner of Social Security on December 20, 2023. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

initiated a civil action in this District, within which United States District Judge Joan A. Lenard remanded Plaintiff's claim for further administrative proceedings, and the Appeals Council remanded Plaintiff's claim, ordering a new hearing.[2]  *Id*.  Following the second hearing, ALJ Reynolds found Plaintiff was disabled as of September 4, 2016, but was not disabled at any time prior.  *Id*. at 2.

Plaintiff subsequently filed the instant civil action on August 14, 2019, appealing ALJ Reynolds' determination.  On May 12, 2021, Defendant moved to remand the case to the Commissioner pursuant to the provisions of sentence four of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).  (ECF No. 30).  On May 14, 2021, the Court granted Defendant's Motion to Remand, reversing the Commissioner's final administrative decision and remanding the action for a new hearing and decision.  (ECF No. 31).

Because the Commissioner remitted to Plaintiff retroactive benefits after remand, Plaintiff now moves the Court to award her attorney $34,623.10[3] for his representation of Plaintiff pursuant to the terms of his fee agreements with Plaintiff.  (ECF No. 40 at 2); (ECF No. 40-5 at 2–5).  The fee agreements provide for attorney's fees in the amount of 25 percent of any past-due benefits awarded to Plaintiff.

Pursuant to 42 U.S.C. § 406(b)(1)(A), the Court may award a "reasonable fee" to counsel for work performed in the Court.  However, the award cannot exceed 25 percent of the total of the past-due benefits which have been awarded to the claimant.  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*

---

[2] In that action, the Court awarded Plaintiff's counsel $5,477.93 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). *Barrios v. Commissioner of Social Security*, 1:14-cv-24189-JAL (S.D. Fla. July 15, 2016), ECF No. 26.

[3] Plaintiff's Motion originally requested $40,101.03 in attorney's fees.  This sum included the previously awarded EAJA fee of $5,477.93 in *Barrios v. Commissioner of Social Security*, 1:14-cv-24189-JAL (S.D. Fla.).  As Plaintiff's Motion represents, if awarded $40,101.03 in attorney's fees, Plaintiff's counsel would then be required to refund the previously awarded EAJA fee to Plaintiff.  At the hearing on the Motion, Plaintiff did not oppose an award of $34,623.10 instead, reflecting the previously awarded EAJA fee already reduced from the instant award.

2

*v. Barnhart*, 535 U.S. 789, 807 (2002) ("Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations omitted).

In evaluating the reasonableness of a contingent fee agreement, courts consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

With regard to prior EAJA awards, "Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refund to the claimant the amount of the smaller fee.'" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (quoting *Gisbrecht*, 535 U.S. at 796). An attorney "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The contingency fee set forth in the fee agreement executed by Plaintiff falls within the 25 percent boundary prescribed by 42 U.S.C. § 406(b)(1)(A). *See* (ECF No. 40-5 at 11).[4] Plaintiff's

---

[4] While Plaintiff's Motion does not provide the total amount of retroactive benefits remitted, the Notice of Award details that the Social Security Administration generally withholds 25 percent of retroactive benefits in order to pay

counsel did not oppose deducting the previously awarded EAJA fee from the request. Further, Plaintiff's counsel, Gabrielle B. Saint Charles, Esq., certified that he, attorney Eddy Pierre Pierre, attorney Stacey B. DeVeaux, and attorney Charles E. Binder spent 83.4 hours representing Plaintiff in this case.

The undersigned finds no indicia of delay on the part of Plaintiff or her counsel and does not find that the benefits received by Plaintiff are excessively large in comparison to the 83.4 hours spent by Plaintiff's counsel. Moreover, the Motion is unopposed. Therefore, the undersigned concludes that the $34,623.10 fee sought by Plaintiff's counsel is reasonable and that no reduction to the fee sought is necessary.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (ECF No. 40) be **GRANTED** and that Plaintiff's counsel be **AWARDED** fees in the sum of $34,623.10 pursuant to 42 U.S.C. § 406(b)(1).[5]

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Federico A. Moreno, United States District Judge for the Southern District of Florida, within **THREE (3) DAYS**[6] of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

the approved representative's fee. (ECF No. 40-5 at 11). And, for the award at issue, the Social Security Administration withheld $40,101.03 for that purpose. (*Id.*). Defendant does not oppose the Motion, nor contests that $40,101.03 represents 25 percent of Plaintiff's award of retroactive benefits.

[5] Defendant filed a response to the instant Motion solely to request that any order on the Motion not include the language directing the Commissioner to pay the award. *See* (ECF No. 41). As a result, and without a rebuttal from Plaintiff, any language requiring the Commission to pay the award has been omitted from the undersigned's Recommendation.

[6] At the hearing on Plaintiff's Motion, the Parties agreed to a shortened objections period.

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 26th day of April, 2024.

                                                         LAUREN F. LOUIS
                                                         UNITED STATES MAGISTRATE JUDGE